IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SECTEK, INCORPORATED,

Plaintiff,

v.

JEANETTE S. DIAMOND,

Defendant.

Civil No. 1:15-cv-1631-GBL-MSN

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Dkt. No. 55) and Defendant's Motion to Amend Counterclaim (Dkt. No. 61). For the reasons that follow, the Court will grant both Motions.

**I. Background**

This case arises out of a contract dispute. Plaintiff SecTek, Incorporated purchased all shares of stock in The J. Diamond Group ("TDG") from its sole owner, Defendant Jeanette S. Diamond. Plaintiff claims to be entitled under the parties' stock purchase agreement to indemnification for gross tax receipts assessed against TDG, as well as for attorneys' fees incurred in defending a lawsuit brought against TDG. Defendant has filed two counterclaims—one alleging breach of the covenant of good faith and fair dealing with regard to the stock purchase agreement, and another alleging wrongful termination. Defendant also filed a lawsuit against Plaintiff in Texas state court, which overlaps in substance with the latter counterclaim.

Plaintiff's Motion to Amend seeks to add additional claims, while Defendant's Motion seeks to abandon her counterclaim for wrongful termination. The Court will address the Motions in turn.

## II. Plaintiff's Motion

Plaintiff's Motion to Amend comes in response to an argument raised by Defendant in her a Motion to Dismiss, or in the Alternative, Motion to Transfer (Dkt. No. 32). In relevant part, Defendant argued that because TDG suffered the losses alleged in Plaintiff's Complaint, any claim for indemnification lies with TDG—which is itself a party to the stock purchase agreement—rather than with Plaintiff. *See* Mem. in Supp. of Mot. to Dismiss (Dkt. No. 33) at 2-4. In opposing Defendant's Motion Plaintiff argued that it is entitled to recover the amount of the indemnification, but noted that some courts have held that the proper recourse for a party in Plaintiff's position is to seek specific performance of duties owed to a third party—here, TDG. *See* Mem. in Opp. to Mot. to Dismiss (Dkt. No. 43) at 6 n.2.

The Court ultimately denied Defendant's Motion to Dismiss or Transfer. Shortly thereafter, Plaintiff filed the instant Motion, which seeks leave to amend the Complaint to "add specific performance claims to address the prospect that [Defendant] may later . . . re-assert that [Plaintiff] is not a proper party to assert claims for damages under Counts One and Two." Mem. in Supp. of Mot. to Amend (Dkt. No. 57) at 2.

Defendant argues that the Motion should be denied because the amendment is futile for two reasons. First, Defendant reiterates its argument that the claims are not brought in the name of the real party in interest. Second, Defendant argues that because "[a]n award of monetary damages would make Plaintiff whole . . . Plaintiff has an adequate remedy at law and cannot seek or be granted specific performance." Mem. in Opp. to Mot. to Amend (Dkt. No. 59) at 4.

Federal Rule of Civil Procedure 15(a)(2) dictates a liberal standard under which "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix*

*Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). In assessing whether an amendment would be futile, "the merits of the Plaintiff's claims should not be considered . . . unless the proposed amendment may clearly be seen to be futile because of substantive or procedural considerations." *Fletcher v. Tidewater Builders Ass'n Inc.*, 216 F.R.D. 584, 588 (E.D. Va. 2003). Here, no such problems present themselves on the face of the proposed amendment, notwithstanding Defendant's arguments to the contrary.

First, the Court already rejected Defendant's argument that Plaintiff's original claims fail because TDG is the real party in interest in this case. *See* Order (Dkt. No. 50). Defendant proffers no reason as to why this argument should now make Plaintiff's new claims so evidently baseless that permitting the amendment would be futile.

As to Defendant's second argument—that Plaintiff cannot obtain specific performance because Plaintiff has an adequate remedy at law—Defendant herself previously asserted that Plaintiff is not entitled to monetary damages because any such damages were incurred by TDG, not Plaintiff. *See, e.g.*, Mem. in Supp. of Mot. to Dismiss (Dkt. No. 33) at 2 ("TDG is the actual party who suffered the alleged loss and maintains the putative indemnification claim against Diamond."). Plaintiff's proposed amendment assumes that Defendant's argument ultimately prevails, and provides an alternative means for Plaintiff to obtain relief. *See* Restatement (Second) of Contracts § 305 (1981) ("If the promisee has no economic interest in the performance . . . the ordinary remedy of damages for breach of contract is an inadequate remedy, since only nominal damages can be recovered. In such cases specific performance is commonly appropriate.").

While Defendant may be correct that Plaintiff cannot recover on both its claim for damages and its claim for specific performance under Virginia law, parties are permitted to plead

alternative theories of recovery. *See* Fed. R. Civ. P. 8(a)(3). To plead one theory of recovery does not render an inconsistent alternative theory baseless.

In short, Defendant has not shown that the proposed amendment would be futile. Because Defendant does not claim that she would be prejudiced by the amendment, or that the amendment is proposed in bad faith, Defendant has not shown any reason why Plaintiff's Motion should be denied. Accordingly, the Court will grant Plaintiff's Motion to Amend.

**III. Defendant's Motion**

Defendant's Motion seeks to voluntarily dismiss her counterclaim alleging that Plaintiff wrongfully terminated her employment at TDG. The Motion results from Defendant's decision to file her own lawsuit in Texas state court against Plaintiff raising the same claim. *See* Mem. in Supp. of Mot. for Leave to Amend Counterclaim (Dkt. No. 62) at 1-2. Although Defendant seeks to dismiss rather than add a claim, her Motion—like Plaintiff's—is governed by Federal Rule of Civil Procedure 15. *See Cox v. Cawley*, No. 3:11-cv-557, 2011 WL 4828890, at *3 (E.D. Va. Oct. 11, 2011) ("Rule 15 technically operates as the proper vehicle to accomplish a partial dismissal.").

Plaintiff opposes the Motion on two grounds. First, Plaintiff argues that the amendment would prejudice Plaintiff in the Texas litigation. Plaintiff has filed a motion to dismiss or stay the Texas case in light of the ongoing proceedings in this Court. In Plaintiff's view, Defendant's "sole motivation" for her present Motion is "to argue [to the Texas court] that the employment claim is no longer pending in this Court as grounds for the Texas court to deny SecTek's efforts to have the Texas [l]itigation stayed or dismissed." Opp. to Mot. to Amend Counterclaim (Dkt. No. 64) at 4-5. Plaintiff claims that this would "have the . . . effect of depriving SecTek of the

Court's April 29th ruling" declining to transfer the case to the U.S. District Court for the Northern District of Texas. *Id*. at 5.

Plaintiff's argument is unpersuasive. It is far from clear that any decision made by this Court in this case will have any effect—prejudicial or otherwise—on another case in another court, over which this Court has no control. Moreover, it is difficult to see how granting Plaintiff leave to amend her Answer would effectively "depriv[e] SecTek" of the benefit "of the Court's April 29th ruling." That ruling held that Plaintiff may continue to litigate its own case in this Court. It was not intended to, and indeed did not, prevent Defendant from initiating her own separate lawsuit in another court. The speculative harm Plaintiff cites in opposing the Motion does not rise to the level of "undue prejudice." S*mithfield Foods Inc. v. United Food & Commercial Workers Int'l Union*, 254 F.R.D. 274, 278 (E.D. Va. 2008).

Moreover, this is simply not a relevant form of prejudice for purposes of Federal Rule of Civil Procedure 15. The Rule concerns itself with prejudice to parties in connection with the matter at hand—for example, the risk that a party may encounter difficulty and expense in responding to an amendment proposed at a late stage in the case. *See, e.g., Smithfield Foods Inc. v. United Food & Commercial Workers Int'l Union*, 254 F.R.D. 274, 278 (E.D. Va. 2008). Plaintiff's strategic position in another case in another court is beyond the purview of Rule 15, and indeed beyond this Court's purview generally.

Plaintiff argues further that the amendment would be futile because the forum selection clause of the contract under dispute specifies that Defendant's claim must be litigated in Virginia, and so Defendant's attempt to litigate the claim in Texas will fail. *See* Opp. to Mot. to Amend Counterclaim (Dkt. No. 64) at 6. This misconstrues the nature of "futility" under Rule 15. A court undertaking the futility analysis pursuant to Rule 15 serves as a gatekeeper,

preventing the introduction of facially deficient claims into an existing civil matter. *See, e.g.*, *Smithfield Foods Inc.*, 254 F.R.D. at 280. Whether or not Defendant's claim can succeed in another case in another forum is again beyond both the purview of Rule 15 and the Court's role in this matter generally.

**IV. Conclusion**

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Dkt. No. 55) is GRANTED. It is further

ORDERED that Defendant's Motion to Amend Counterclaim (Dkt. No. 61) is GRANTED.

ENTERED this 27th day of May, 2016.

/s/

Michael S. Nachmanoff
United States Magistrate Judge

Alexandria, Virginia