UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SECTEK INCORPORATED,              )
                                  )
                    Plaintiff,    )      Case No. 1:15-cv-1631(GBL-MSN)
                                  )
        v.                        )
                                  )
JEANETTE S. DIAMOND               )
                                  )
                    Defendant.    )

## MEMORANDUM ORDER

THIS MATTER is before the Court on the Order of Magistrate Judge Michael S. Nachmanoff regarding Defendant Jeanette S. Diamond's ("Diamond") Motion for Entry of Order Allowing Retention and Use of Documents (Doc. 93), Plaintiff's Motion for Protective Order (Doc. 96), and Diamond's objections thereto. The Court sustains Diamond's Objection to the Magistrate Judge's Order on July 12, 2016, and grants her Privilege Waiver Motion for three reasons. First, SecTek did not file its Privilege Log in a timely manner, which amounts to a waiver of privilege. Second, SecTek has failed to meet its burden in proving that the 491 documents in question are privileged. Third, SecTek failed to rectify the inadvertent disclosure within the time frame delineated by the Discovery Plan. Accordingly, the Magistrate Judge erred by denying Diamond's Privilege Waiver Motion.

## BACKGROUND

Plaintiff SecTek, a Virginia corporation, provides security services to businesses and governments. Doc. 67 at 1–2. Until 2012, Defendant Diamond was the owner of TDG, a Texas corporation also in the security business. Doc. 67 at 2–3. On February 3, 2012 (the "Closing Date"), SecTek, Diamond, and TDG entered into a Stock Purchase Agreement ("SPA") whereby

1

SecTek purchased TDG from Diamond. *See* Doc 1, 71, 101. Pursuant to the section 3.9 of the SPA, by signing, Diamond warranted that TDG had paid and was up to date on all of its taxes. *See* SPA 3.9.1. On July 10, 2014, SecTek received notice from the New Mexico Tax Department that TDG owed the New Mexico $1,180,483.47 in Gross Receipts Taxes. *See* Doc. 71-1 at 69 (hereinafter "2014 Tax Assessment"). The 2014 Tax Assessment stated that, if SecTek disputed the total amount due, it should contact the New Mexico Department within 90 days. *Id.* On September 26, 2014, the Department issued TDG a statement of the account, which included a month-by-month breakdown of the total gross receipts tax owed per month. Doc. 71-1 at 73. Of the months occurring before the Closing Date, TDG owed $533,085.23, not including taxes and penalties. *Id.*; *see also* Doc. 71 at 8-9. In spite of receiving both items, SecTek did not dispute the Tax Assessment until October 14, 2014, six days after the 90-day dispute period expired. Doc. 101-1 at 35-36. From the time SecTek received the Tax Assessment on July, 14, 2014 until October 24, 2014, SecTek did not inform Diamond of the Tax Assessment, nor attempt to contact her to assist in defending it. *Id.*

SecTek filed this suit against Diamond on December 8, 2015. Dkt. 1. The parties submitted their Rule 26(f) Joint Proposed Discovery Plan ("Discovery Plan") on March 16, 2016, which was approved by the Court and incorporated into the Rule 16(b) Scheduling Order on March 28, 2016. Docs. 21, 30. In response to document requests by Diamond, SecTek began producing documents around May 8, 2016, with the majority of production made on May 13, 2016. Doc. 94, Exh. 2 ¶3.

On June 2, 2016, SecTek filed a Motion for Partial Summary Judgment (Doc. 70), which Diamond opposed (Doc. 81). On June 21, 2016, Diamond filed a brief in opposition to SecTek's Motion for Partial Summary Judgment, wherein she introduced, as an exhibit, an email between

SecTek CEO Wilfred Blood and SecTek's New Mexico attorney, Suzanne Wood Bruckner. Doc. 81-3, "Exhibit C".[1] On June 23, 2016, SecTek invoked the claw back provision contained in the Section 16 of the Discovery Plan, and sent a written request to Diamond notifying her that she had inappropriately used Exhibit C. Doc. 119-6. Diamond then re-filed her Opposition with a replacement Exhibit on June 29, 2016. Doc. 88.

On July 1, 2016, SecTek's counsel sent a letter to Diamond's Counsel, requesting to claw back the production of 491 documents. Doc. 94-1. On July 8, 2016, however, Diamond filed an Motion for Entry of an Order Allowing Retention And Use Of Documents As To Which The Attorney-Client Privilege Has Been Waived and for Expedited Hearing ("Privilege Waiver Motion"). Doc. 93. On July 11, 2016, SecTek filed its Motion for Protective Order and for Sanctions and Opposition to Diamond's Privilege Waiver Motion ("Motion for Protective Order"). Doc. 96. SecTek also filed a privilege log, attached as an exhibit to the Motion for Protective Order. Doc. 96, Exh. 7. On July 12, 2016, Magistrate Judge Nachmanoff held a telephonic hearing on both Motions. Judge Nachmanoff denied both motions by Order on July 12, 2016. Doc. 97.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998). As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the

---

[1] On June 24, 2016, Diamond also filed a Motion a Strike Alleged Facts and Evidence supporting SecTek's Motion for Partial Summary Judgment (Doc. 85). On July 20, 2016, Diamond filed a Motion for Partial Summary Judgment (Docs. 100, 101). On August 19, 2016, the Court denied both Motions for Partial Summary Judgment. (Doc. 123). Additionally, having denied SecTek's Motion for Partial Summary Judgment, the Court denied, as moot, Diamond's Motion to Strike Alleged Facts and Evidence Supporting SecTek's Motion for Partial Summary Judgment. *Id.*

"clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a). The Fourth Circuit has held that the "clearly erroneous" standard is deferential and that findings of fact should be affirmed unless review of the entire record leaves the reviewing court with "the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395(1948)). A decision is considered contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10-cv-121, 2010 WL 3069799 at *1 (E.D. Va. Aug. 5 2010) (citing *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). The Eastern District of Virginia has noted that for questions of law, "there is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] *de novo* standard." *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) (citation omitted). Therefore, the Court reviews the factual findings of the magistrate judge's Order for clear error, and reviews *de novo* legal conclusions. *Id.* at 593-94.

## ANALYSIS

The Court sustains Diamond's Objection to the Magistrate Judge's Order on July 12, 2016, and grants her Privilege Waiver Motion for three reasons. First, SecTek did not file its Privilege Log in a timely manner, which amounts to a waiver of privilege. Second, SecTek has failed to meet its burden in proving that the 491 documents in question are privileged. Third, SecTek failed to rectify the inadvertent disclosure within the time frame delineated by the Discovery Plan.

## A. SecTek's Failure to Issue The Privilege Log in A Timely Manner Amounts To A Waiver of Privilege

SecTek failed to issue the privilege log in a timely manner. Although the discovery plan does not contemplate a specific due date for the privilege log, Fed. R. Civ. P. 26(b)(5)(A) addresses the issue of when a party is to produce a privilege log in such circumstances. Fed. R. Civ. P. 26(b)(5)(A) states the following:

> "*when a party withholds information* otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A) (emphasis added).

Furthermore, the Discovery Plan notes that, "all other information to which privilege is claimed shall be identified on a log." Doc. 21 ¶ 15. These two items taken together required SecTek to produce a privilege log when SecTek withheld information that was otherwise discoverable. Accordingly, SecTek should have produced the privilege log when SecTek responded to document requests on May 13, because at that point in time, SecTek knew it would withhold documents that would otherwise be produced to Diamond; SecTek had already "tagged" certain documents as privileged. Doc. 119-2 ¶¶ 9-12. Moreover, SecTek is not saved by the fact that the documents were produced on May 13, as opposed to being withheld, because SecTek intended for the documents to be withheld. SecTek's decision to not produce a privilege log at the time it produced documents to Diamond amounts to a failure to comply with the terms of the Discovery Plan.

5

SecTek would have the Court believe that there was no due date for the Privilege Log, and, as such, SecTek did not waive privilege by not producing a privilege log contemporaneously with its initial production of documents. Doc. 119 at 14. However, if SecTek were to make a claim for privilege without an accompanying privilege log, then SecTek's claw back request for 491 documents would amount to an assertion of the claim of privilege without "identify[ing] sufficient facts giving rise to any alleged claim or privilege," as required by the Discovery Plan. *See* Doc. 21 ¶ 15. This type of action is precluded by the Discover Plan.

"When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect *in camera* all of the withheld documents; and (4) inspect *in camera* a sample of the withheld documents." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *9 (M.D. Fla. Mar. 31, 2015) (citing *NLRB v. Jackson Hospital Corp.*, 257 F.R.D. 302, 307 (D.D.C. 2009)).

In this case, Diamond urges the Court to find that SecTek has forfeited its claim of privilege as to all of the documents identified in SecTek's July 1 claw back request. Courts within the Fourth Circuit have certainly found waivers of privilege in similar circumstances. *See Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D. Md. 2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege."); *AVX Corp. v. Horry Land Co., Inc.*, No. 4:07-CV-3299-TLW-TER, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) (finding that the failure to produce

6

a timely or sufficient privilege log may constitute waiver of any asserted privileges); *Herbalife*

*Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. CIV .A. 5:05CV41, 2006 WL 2715164, at *4

(N.D.W. Va. Sept 22, 2006) (finding same).  Because SecTek failed to file a privilege log in a

timely manner, the Court finds that SecTek's privilege claim as to the 491 documents referenced

in the claw back request is waived because SecTek failed to assert the claim of privilege when it

produced the documents to Diamond.

### B. SecTek Has Not Met Its Burden In Proving That The Documents Referenced In The Claw Back Request Are Privileged

In any event, SecTek has not demonstrated that the 491 documents sought to be clawed

back are privileged.   The party claiming attorney-client privilege bears the burden of

demonstrating that: (1) the attorney-client privilege applies; (2) the communications were

protected by the privilege; and, (3) the privilege was not waived. *United States v. Bollin*, 264

F.3d 391, 411 (4th Cir. 2011) (citation omitted).  At the time Judge Nachmanoff issued the order

denying Diamond's Privilege Waiver Motion, the only support that SecTek put forth regarding

its privilege claims was the letter accompanying the July 1 claw back request, and the untimely

July 11 Privilege Log.  Moreover, Diamond's counsel maintains she had not seen anything in the

documents sought to be clawed back that would suggest the documents were privileged in

nature.  Doc. 94 ¶¶ 5-7.  This notion is corroborated by the fact that only 28 of the 491

documents SecTek sought to claw back on July 1 were also listed in the July 11 privilege log.

Doc. 107 at 8.  Accordingly, there is no basis for SecTek to assert that all 491 documents

referred to in the claw back request are privileged.   To the extent that any of the documents

SecTek sought to claw back would be privileged, this Court finds that SecTek waived the

privilege by failing to meet its burden in proving that privilege applies. *See United States v. Aramony*, 88 F.3d 1369, 1389 (4th Cir. 1996) (citation omitted).

### C. SecTek Did Not Properly Rectify The Inadvertent Disclosure

Although SecTek argues its production of privileged documents was inadvertent, SecTek failed to rectify the error by not properly utilizing the safe harbor provisions of the Discovery Plan. *See* Doc. 21 ¶ 16. Paragraph 16 of the Discovery Plan states, "within a reasonable time after discovering that it produced Privileged Material, *not to exceed five (5) business days*, the party producing the Privileged Material ("the Producing Party") shall send a written request to the party receiving the Privileged Material (the "Receiving Party") requesting return of the Privileged Material." Doc. 21 ¶ 16(b) (emphasis added).

Here, SecTek properly invoked the claw back provision in regards to the email between Wilfred Blood and Suzanne Buckner, because SecTek sent the claw back request to Diamond within 2 days of becoming aware of the notion that SecTek had produced documents that SecTek considered privilege. With respect to the 491 documents sought to be clawed back in the July 1 claw back request, however, SecTek was aware that Diamond was in possession of allegedly privileged material on June 21, which was the date that Diamond disclosed the email between Mr. Blood and Ms. Buckner as an exhibit. *See* Doc. 81-3, "Exhibit C." Therefore, SecTek should have sent the written request pertaining to the 491 documents in question by June 28, at the latest. Instead, SecTek did not send the request until July 1, well outside the 5 business day window contemplated by the Discover Plan. Doc. 21 ¶ 16(b). Moreover, although SecTek argues that the reason for the delay was due to absence of its lead attorney, SecTek did not communicate any requests for additional time to comply with the Discovery Plan. Doc. 122-1 ¶2.

8

Consequently, the Court finds that SecTek's failure to adhere to the terms of the Discovery Plan by not timely issuing the claw back request with respect to the 491 documents in question, amounts to a waiver of privilege.

## CONCLUSION

The Court sustains Diamond's Objection to the Magistrate Judge's Order on July 12, 2016, and grants her Privilege Waiver Motion for three reasons. First, SecTek did not file its Privilege Log in a timely manner, which amounts to a waiver of privilege. Second, SecTek has failed to meet its burden in proving that the 491 documents in question are privileged. Third, SecTek failed to rectify the inadvertent disclosure within the time frame delineated by the Discovery Plan. Diamond is allowed to retain and use the 491 documents in question, as there is no sufficient basis for privilege.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ___6th___ day of October, 2016.

Alexandria, Virginia
10/ 6 /2016

_____
/s/
Gerald Bruce Lee
United States District Judge